IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HARDIS BARNES | § | |
| | § | CIVIL ACTION NO. 6:05cv380 |
| MAXEY CERLIANO, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Hardis Barnes, a former inmate of the Gregg County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights during his confinement in the jail. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding in accordance with 28 U.S.C. §636(c).

An evidentiary hearing was conducted on June 21, 2006, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1986). At this hearing, Barnes testified that on March 18, 2004, he was arrested on charges of possession of a controlled substance with intent to deliver. He bonded out on these charges about a week later. His case was set for a docket call on November 12, 2004, but he was told that he did not have to appear at this setting, so he didn't show up. However, this advice was incorrect.

On November 15, 2004, his case was again called, and Barnes was present, with the result that he was arrested for bail jumping for not appearing at the previous hearing a few days earlier. His jury was also selected on this date for the possession charge. Barnes' trial was scheduled for November 22, but he again did not appear, and so a second charge of bail jumping was filed. (Barnes explained that the first bail jumping charge was dismissed and he was reinstated on bond).

On December 8, 2004, Barnes was arrested in Dallas, where he remained until he was sent back to Gregg County on July 6, 2005. On July 12, 2005, he put in a request to use the law library, but was not allowed to do so. He explained that he wanted to do some research on his criminal case and that he also wanted to find a list of Gregg County attorneys whom he could contact for help. Barnes also said that he had two civil cases which he wanted to research, involving asbestosis and silicosis claims; he conceded that he had attorneys on these cases but said that he wanted to research the law in these areas for himself, as well as bankruptcy law inasmuch as the asbestos companies were in bankruptcy. The response that he received to this request was that "his attorney would take care of this for him."

On August 2, 2005, Barnes said, he put in another request to use the law library, which he said was denied without any reason given. He says that he wanted to file a writ concerning the fact that he was not indicted within 180 days, and wanted to get information about this. Barnes stated that he was appointed counsel to represent him in his pending criminal cases on August 26 and August 31, 2005.

Barnes stated that he went to trial on the second bail jumping charge and was sentenced to 20 years in prison. The on-line records of Gregg County show that Barnes entered a plea of guilty to this charge on October 10, 2005, represented by Scott Walker, and that he received a sentence of 20 years. *See* http://www.co.gregg.tx.us/Scripts/UVlink.isa/gregg_jud/WEBSERV/CriminalSearch?action%253Dview%26track%253D93358. On September 29, 2005, Barnes was convicted of possession of a controlled substance with intent to deliver, receiving a sentence of life in prison. Barnes was represented by Walker in this case as well. *See* http://www.co.gregg.tx.us/Scripts/UVlink.isa/gregg_jud/WEBSERV/CriminalSearch?action%253Dview%26track%253D63369.

Barnes attaches to his complaint a copy of his second request to go to the law library. This request is dated September 2, 2005, and asks to visit the law library; he states that it is his legal right to go, and that if he is not allowed to, he wants a Step Two grievance form. The response to this

grievance, dated September 8, 2005, is that his lawyer is his access to court and that if he has a lawyer, they do not take him to the law library unless he has a civil case pending. Although Barnes gave the date as August 2 rather than September 2 in his testimony, the grievance itself bears the date of September 2.

Thus, Barnes complains that while he was confined in the Gregg County Jail awaiting trial, he twice sought to use the law library, but was refused. According to his pleadings and testimony, he did not have an attorney on July 12, the first such occasion, although he apparently did when he sought to use the law library in a request filed September 2, 2005. He says that he wanted to use the law library to research the question of whether a 180-day limit on indicting him was violated, to learn more about the charges against him, to try to locate a list of Gregg County attorneys, and to do general legal research on some civil cases which were pending, on which he had counsel.

<u>Legal Standards and Analysis</u>

The Supreme Court has said that inmates have a right of access to legal materials, and prison officials cannot deny inmates access to court. <u>Bounds v. Smith</u>, 430 U.S. 817 (1976). However, actual injury must be shown to set out a violation of <u>Bounds</u>. <u>Lewis v. Casey</u>, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); *accord*, <u>Mann v. Smith</u>, 796 F.2d 79, 83 (5th Cir. 1986).

The Supreme Court explained that <u>Bounds</u> does not "guarantee inmates the wherewithal to transform themselves into litigating engines." <u>Lewis</u>, 116 S.CT. AT 2182. In <u>Lewis</u>, as noted above, the Court reaffirmed the longstanding requirement that inmates claiming a violation of <u>Bounds</u> must show actual injury, in the form of a showing that the alleged shortcomings in the prison library have hindered or are hindering his efforts to pursue a non-frivolous legal claim. <u>Lewis</u>, 116 S.CT. AT 2180. The Court provided the following examples of "actual injury" under <u>Bounds</u>:

> [The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

3

Lewis, 116 S.CT. AT 2180.

In addition, the Fifth Circuit has made clear that inmates who are represented by counsel have no right to go to the law library to work on their own criminal cases. Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir. 1975).

In this case, as noted above, Barnes was apparently represented by counsel at the time that he filed his request which is dated September 2, 2005, and so he had no constitutional right to go to the law library on this date. He was also represented by counsel in his civil cases, and so he had no constitutional right to go to the law library for the purpose of researching these cases. Regardless of this fact, however, Barnes' pleadings and testimony in this case, which the Court has accepted as true, simply fail to show that Barnes suffered any harm as a result of not being able to go to the law library. He does not point to any motions or pleadings which he filed which were denied by the trial court because of technical deficiencies, nor does he point to any motions or pleadings which he could have filed but was unable to do so because of the lack of access to the law library. Although Barnes alludes to wanting to research a writ concerning the passage of over 180 days without his being indicted, he fails to show either that such a pleading would likely have been meritorious, nor that such a pleading could not have been filed by his attorney once counsel was appointed to represent him.

Similarly, Barnes has failed to show that he suffered any harm in his inability to research his civil cases, even were he not represented by counsel in those actions. He simply says that he wished to research the law of asbestosis, silicosis, and bankruptcy, but does not state that he wished to file any pleadings in court or that his lack of access to the law library prevented him from doing so.

Instead, Barnes' pleadings and testimony in this case make clear that what he is challenging is the fact that he was not given access to the law library. However, as the Supreme Court explained, the right at issue is not a right to a law library or legal assistance, but the right of access to the courts; in other words, the Court explained, prison (or jail) law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably

adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. The Court went on to state as follows:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," *id.,* at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

Lewis, 116 S.CT. AT 2180.

Here, because Barnes has neither alleged nor shown that he suffered any harm from the denials of access to the law library, he is in effect complaining of a violation of an abstract, freestanding right of access to the law library. As the Supreme Court explained in Bounds, such a right does not exist. For this reason, Barnes' lawsuit is without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke, 490 U.S. at 327, *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Barnes' claims lack any arguable basis in law and fail to state a claim upon which relief may be granted. For this reason, his lawsuit may be dismissed. *See generally* Thompson v. Patteson, 985 F.2d 202, 204 (5th Cir. 1993). It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A(b). It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

So **ORDERED** and **SIGNED** this **22** day of **June, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE